**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>LAZARD FRÈRES & CO. LLC,<br><br>Defendant. | Civil Action No. 4:18-cv-02241 (VDG) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (collectively, "EIG" or "Plaintiffs") move for leave to file a Second Amended Complaint pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. A copy of the proposed Second Amended Complaint is attached hereto.

The deadline set in the Scheduling Order to amend pleadings was March 6, 2019. As such, EIG seeks leave to amend the Complaint in order to include six newly-issued copyright registrations for works that were alleged in the original Complaint and the First Amended Complaint but remained pending before the Copyright Office at the time those complaints were filed. EIG also seeks to amend the Complaint to add claims that Defendant Lazard Frères & Co. LLC ("Lazard" or "Defendant") intentionally removed or altered EIG's copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, based on documents only recently produced by Lazard by virtue of the extension Lazard sought from the Court to respond to all outstanding discovery.

## BACKGROUND

### A. *EIG's Efforts to Obtain Outstanding Copyright Registrations*

EIG's original Complaint, filed on June 29, 2018, alleged that Lazard infringed the copyrights in EIG's publication *Oil Daily* ("OD") from the period of August 2008 through June 2018. EIG identified and attached 113 copyright registrations for OD to the original Complaint covering the time period of infringement alleged therein. The original Complaint also identified seven copyright applications for OD which were pending at the U.S. Copyright Office at the date of filing.

On March 4, 2019, the Supreme Court issued its decision in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), which held that "'registration ... has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Id.* at 892. This represented a substantive change in the law of this Court. At the time of the Supreme Court's decision, the Copyright Office had issued only one of the seven original pending applications to registration.

Following the Supreme Court's decision, EIG took immediate action to obtain registrations for the six OD copyright applications still pending. Counsel for EIG consulted with the literary division of the Copyright Office as to the status of the pending applications on numerous occasions. The Copyright Office then prioritized its search to locate the outstanding *Oil Daily* applications, all of which were timely submitted using the paper application forms required by Copyright Office procedures but had been misplaced by the Copyright Office and were not immediately available in the Copyright Office's records for prompt examination. Throughout March, April, and May of 2019, counsel for EIG continued to follow up on the progress of the Copyright Office's search for

the pending applications, making numerous inquiries and 16 trips to the Copyright Office. Finally, on May 20, 2019, the last pending application at issue was granted registration, and EIG received its copy of this registration on May 23, 2019.

As a result of EIG's efforts, all pending copyright applications at issue in this case have issued to registration.

### B.     *EIG's Discovery of the Facts Giving Rise to Additional Claims*

EIG filed a First Amended Complaint on March 6, 2019, which included one newly-issued copyright registration and additional claims of infringement of EIG's publication *Natural Gas Week* ("NGW"). On March 14, 2019, Lazard requested an extension of time to answer EIG's First Amended Complaint. (Dkt. No. 39.) In its response to Lazard's motion, EIG explained that Lazard had not completed its production of documents responsive to EIG's first set of document requests, served on November 14, 2018, and was unable to provide a date certain by which that production would be complete. (Dkt. No. 40.) The Court granted Lazard's request for an extension of time to respond to the First Amended Complaint but also ordered Lazard to respond to all outstanding discovery requests by April 19, 2019. (Dkt. No. 41.) Lazard subsequently sought and was granted an extension of the Court-ordered deadline to respond to all outstanding discovery until May, 3, 2019.

On May 3 and May 9, 2019, Lazard produced additional documents to EIG and stated that it had substantially its completed production. After reviewing and analyzing these documents, EIG discovered that Lazard had intentionally removed or altered copyright management information ("CMI") conveyed in connection with the OD and NGW works in violation of the DMCA, 17 U.S.C. § 1202.

EIG wrote to Lazard on May 31, 2019 asking whether Lazard opposed this motion for leave

3

to file a Second Amended Complaint. At Lazard's request, EIG subsequently provided Lazard on June 4 with the Bates numbers of documents that Lazard had produced on May 3 or May 9, 2019 that provided the factual basis for EIG's claims. EIG followed up again with Lazard on June 7 and June 10, but as of the filing of this motion, Lazard has not responded as to whether it consents to or opposes the motion.

EIG now moves for leave to file the attached Second Amended Complaint to include the six recently-issued copyright registration and to plead violations of the DMCA based on these recently-produced documents.

## ARGUMENT

### A. *Leave to Amend Should be Liberally Granted*

"The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This language establishes a "presumption in favor of granting parties leave to amend," which serves the aim of "promoting litigation on the merits rather than on procedural technicalities." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425, 427 (5th Cir. 2004).

While the decision whether to grant leave to amend is in the court's discretion, "the term 'discretion' in this context may be misleading, because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend." *Id.* at 425 (internal quotation marks omitted). Therefore, unless there is a "substantial reason to deny leave to amend," including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, and undue prejudice to the opposing party," Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted. *Dussouy*, 660 F.2d at 598.

Fed. R. Civ. P. 16(b) governs amendment of pleadings after a scheduling order deadline has expired. *S&W Enters., L.L.C. v. S. Tr. Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Upon the movant's showing of good cause to modify the scheduling order, the court shall apply the standard under Rule 15(a) to grant or deny leave. *Id.* In determining good cause, courts in the Fifth Circuit consider "(1) the explanation for the failure [to timely move for leave to amend]; (2) the importance [of the amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* As set forth below, EIG has demonstrated good cause to modify the deadline to amend pleadings, and the Court should grant EIG's motion for leave to amend.

### B. *EIG's Amended Claims Are Timely Raised and Will Not Cause Undue Delay*

EIG has not delayed in filing this Motion, nor are EIG's motives in bad faith or dilatory. EIG only became aware of the facts giving rise to the additional causes of action for Lazard's alteration or removal of CMI with the intent to conceal or facilitate infringement following its review and analysis of documents that Lazard produced on May 3 and May 9, 2019. Despite its diligence, EIG did not possess sufficient information to plead violations of the DMCA, 17 U.S.C. § 1202, prior to the review of these documents. Lazard's May 3 and 9 productions are responsive to discovery requests EIG served on November 14, 2018, and the delay in production is due to the time Lazard took to gather and produce the documents. After becoming aware of this newly-disclosed information, EIG sought to confer with Lazard regarding this motion in accordance with Local Rule 7.1(D), and has moved expeditiously to seek leave of this Court to amend its Complaint. EIG was unable to amend the Complaint to include the DMCA claims by the original deadline set

by the Court because Lazard had not yet produced documents giving rise to the claims. Lazard's delay in producing documents should not bar EIG from asserting valid claims.

There was also no undue delay in EIG obtaining the six outstanding copyright registrations from the Copyright Office that had not issued to registration when EIG filed its First Amended Complaint (between the filing of the original Complaint and the First Amended Complaint, one pending application had issued), and EIG has now timely moved to amend its First Amended Complaint to include these registrations following their recent issuance by the Copyright Office.

EIG regularly applies to the U.S. Copyright Office for copyright registration of their OD works, submitting the application, deposit material and registration fee shortly after the publication of the last issue of each month. EIG's original Complaint indicated that, out of a total of 120 registrations at issue, seven applications were still being processed by the Copyright Office and had not yet matured to registration as of the date of the filing.

At the time that EIG filed its original Complaint on June 29, 2018, the law in the Fifth Circuit was that the Copyright Act's registration requirement[1] was satisfied upon the submission of an application, deposit material, and fee to the U.S. Copyright Office. *See Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365 (5th Cir. 2004). Thus, EIG satisfied the registration requirements of the Copyright Act at the time it filed the original Complaint, even for the seven registrations that had not issued to registration at the time of the filing.

The Supreme Court issued its opinion in *Fourth Estate* on March 4, 2019, which held that the Copyright Act's registration requirement was satisfied only upon the issuance of a registration by the Copyright Office, resulting in a change in the law in this District. *Fourth Estate Pub. Benefit*

---

[1] 17 U.S.C. § 411(a) states in pertinent part that "no civil action for infringement of the copyright in any United States work shall be instituted until … registration of the copyright claim has been made in accordance with this title."

*Corp.*, 139 S. Ct. at 892.

Due to the Copyright Office's delay in processing the applications, there remained six outstanding OD applications covering works Lazard infringed that had not yet issued to registration at the time of the *Fourth Estate* opinion.

As soon as the Supreme Court issued the *Fourth Estate* decision, which resulted in a substantive change in the law in this district, EIG took immediate action to obtain the outstanding registrations from the Copyright Office, as described above. Since the filing of the First Amended Complaint, all outstanding OD copyright registrations relevant to this matter have issued, with EIG receiving the last registration on May 23, 2019.

### C. *EIG's Amended Claims Are Important to EIG's Case*

EIG's proposed amendment to include newly-issued registrations referred to in the Complaint is important to EIG's case because the issued registrations are a fundamental requirement for EIG's infringement claims, 17 U.S.C. § 411, and because EIG has obtained evidence that Lazard infringed specific copyrighted works included in each of the newly-issued registrations. Granting leave to file a Second Amended Complaint will allow EIG to properly assert claims for additional copyrighted works for which it has evidence of infringement.

EIG's proposed amendment alleging violations of the DMCA, 17 U.S.C. § 1202, is similarly important because it sets forth an additional theory of recovery. *Jacobson v. Comdata Corp.*, No. 03-cv-1426, 2004 WL 2847221, at *4 (N.D. Tex. Dec. 9, 2004) (observing that "additional theories for recovery are typically of substantial importance"). Furthermore, the proposed amendment will permit more efficient use of the Court's and the parties' time through simultaneous discovery and pretrial practice of related claims in the same case. *In re Pool Prod. Distribution Mkt. Antitrust Litig.*, No. MDL 2328, 2012 WL 3947608, at *2 (E.D. La. Sept. 7, 2012)

(finding amendment important in light of the court's "over-reaching interest . . . in efficiently bringing matters to trial at the same time").

### D. No Deficiencies in Prior Amendments

EIG has not failed to cure deficiencies in prior amendments. EIG has amended the Complaint once previously, filing the First Amended Complaint on March 6, 2019, the deadline set by this Court in the Scheduling Order (Dkt. No. 36), to add claims that Lazard infringed NGW and to include one of the pending copyright applications that had issued. EIG's First Amended Complaint was filed well before Lazard produced the relevant documents providing the basis for EIG's claims that Lazard violated Section 1202(b) of the DMCA, and before the Copyright Office was able to locate, examine, and issue registrations for the remaining six copyright applications. This is Plaintiffs' first request for leave to amend its First Amended Complaint.

### E. EIG's Amended Claims Will Not Prejudice Lazard

The requested amendments will not result in any undue prejudice to Lazard. In determining what constitutes prejudice, courts consider whether the assertion of a new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

EIG's amendment adding six newly-issued registrations does not add any new claims, theories or significant factual issues to the case and cannot prejudice Lazard because it will not require further discovery nor in any way cause delay or expenditure of significant resources.

Since Lazard has already gathered and produced the documents giving rise to EIG's amendment adding DMCA claims, "significant additional resources" are not required. EIG's

amended claims arise from the same set of operative facts as its previously pleaded claims, and will not cause any significant increase in the time, effort or expense of defending the case. *Clair v. Chater*, No. 94-cv-4189, 1995 WL 608472, at *3 (E.D. La. Oct. 17, 1995) (finding no prejudice in amending complaint to assert three additional claims arising from same operative facts) (citing *Guthrie v. J.C. Penney Co., Inc.,* 803 F.2d 202, 210 (5th Cir. 1986); *Lalla v. City of New Orleans*, No. 96-cv-2640, 2000 WL 739282, at *4 (E.D. La. June 6, 2000). To the extent any further discovery is needed, it will almost certainly come from the same witnesses and sources that the parties have searched as part of their discovery efforts to date.

Nor will EIG's amended claims cause any delay in the resolution of this dispute. Fact discovery is still ongoing in this case and remains open until July 31, 2019, allowing ample time for Lazard to conduct any discovery directed to EIG's amended claims. No depositions have yet been taken in the case, nor has Lazard exhausted any of the discovery mechanisms available to it under the Federal Rules.

For the foregoing reasons, Lazard will not be prejudiced by EIG's amended claims because they will neither cause delay in the case nor require the expenditure of significant additional resources.

### F. *EIG's Amended Claims Are Not Futile*

In considering the futility of a proposed amended claim, courts will not deny a motion for leave to amend a pleading on that basis where the pleading is sufficient to state a claim under Fed. R. Civ. P. 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). A claim that a proposed amendment is futile must be rejected if the plaintiff's "factual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true*.*" *See Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555 (2007).

9

In addition to the well-pleaded allegations raised in EIG's original Complaint and First Amended Complaint, EIG's Second Amended Complaint pleads factual allegations based on information from relevant internal emails produced by Lazard in this case.  Specifically, EIG has alleged, on information and belief, that (1) EIG has ownership of copyrights in the OD and NGW works (Second Am. Compl. ("SAC") ¶¶ 29-31); (2) the works were transmitted to Lazard with CMI including EIG's copyright notice as well as excerpted language from EIG's terms and conditions (SAC ¶¶ 32-34); (3) Lazard instructed employees to delete the CMI contained in the body of the emails delivering the OD and NGW publications to Lazard when copying and distributing the publications internally, and that these instructions were followed by Lazard's employees (SAC ¶¶ 67-68); (4) Lazard distributed copies of OD and NGW knowing that the CMI had been removed without EIG's authorization (SAC ¶¶ 69-70); and (5) Lazard removed EIG's CMI in an effort to disguise and avoid possible detection and liability for copyright infringement (SAC ¶¶ 71-73). Such allegations state a claim for relief that is "plausible on its face," as required by *Twombly* and its progeny, and would not be futile.  *See id*. at 570.

A copy of the proposed Second Amended Complaint and a Proposed Order granting this Motion are attached hereto.

Accordingly, Plaintiffs respectfully request that the Motion for Leave to File Second Amended Complaint be granted in its entirety.

Dated: June 10, 2019        By:    /s/    Stephen M. Ankrom

Robert L. Powley
Keith E. Sharkin
Stephen M. Ankrom

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 305
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

ATTORNEYS FOR PLAINTIFFS
ENERGY INTELLIGENCE GROUP, INC. and
ENERGY INTELLIGENCE GROUP (UK) LIMITED

11

## CERTIFICATE OF CONFERENCE

I conferred via email with counsel for Lazard on May 31, 2019 asking if Lazard opposed Plaintiffs' request for leave to file a Second Amended Complaint. I had further communications with Lazard regarding this Motion on June 4, June 7, and June 10, 2019, but counsel for Lazard was unable to respond as to whether it opposes the motion prior to filing.

/s/ Stephen M. Ankrom<br>
Stephen M. Ankrom

## CERTIFICATE OF SERVICE

On June 10, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) and Local Rule 5.1.

/s/ Stephen M. Ankrom<br>
Stephen M. Ankrom